**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SPENCER KNIGHT,

      Plaintiff,

  v.

CO MCGUIRE, *et al*,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 24-1216

## <u>MEMORANDUM ORDER</u>

This matter comes before the Court after Plaintiff declined to file objections to the Report and Recommendation ("R&R") (Docket No. 47) entered by United States Magistrate Judge Kezia O. L. Taylor on November 5, 2025. The R&R recommends that the Defendants' Partial Motion to Dismiss (Docket No. 33) be granted in part and denied in part. (Docket No. 47 at 1, 21). Service of the R&R was made on Plaintiff via U.S. Mail. The R&R informed the parties that objections to same were due by November 19, 2025, for registered ECF users, and by November 24, 2025, for unregistered ECF users. (*Id.* at 20-21 and docket entry). Thereafter, no party filed any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because the parties did not file any objections to the R&R – which explicitly stated that failure to file timely objections "may constitute a waiver of appellate rights" – we review the magistrate judge's decision for plain error. (Docket No. 17 at 6-7). *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory

1

Committee Notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Taylor's recommendation.  As such, the Court will adopt the R&R as the Opinion of the Court and will grant the Partial Motion to Dismiss (Docket No. 33) with prejudice as to Plaintiff's Eighth and Fourteenth Amendment claims, the state law claim of conversion against Defendant Weiss, and all claims against Defendant McGuire pursuant to 28 U.S.C. § 1915(e) and §1915A(b).  (Docket No. 47 at 21).  The Court will further adopt the R&R and deny the Partial Motion to Dismiss (Docket No. 33) as to the Plaintiff's First Amendment Retaliation claims against Defendants O'Donnell, Hollis, and Costanza.  The Court will further terminate Defendants McGuire, Kristie, Cowen and Miller[1] from the Docket.  (Docket No. 47 at 21).  And, it will reinstate Sgt. O'Donnell on the docket and allow the Plaintiff to bring a First Amendment Retaliation Claim against Defendants Muntz and Weiss in any subsequent amended complaint.  (*Id.*)  Plaintiff is given leave to file a Third Amended Complaint with the remaining claims and against the remaining parties by April 30, 2026.  (*Id.* at 21-22).

In so ruling, the Court agrees with Judge Taylor's recommendation that, as to the Plaintiff's First Amendment Retaliation claims, the claims against Defendants Kristie and Cowen should be dismissed with prejudice because their alleged behavior only amounts to "mere threats to take a certain action," which is insufficient to establish a First Amendment retaliation claim.  (*Id.* at 10).  Next, the Court agrees that the Plaintiff has pled sufficient facts for First Amendment Retaliation

---

[1]    Defendant Miller is not named in the Second Amended Complaint.  (Docket No. 47 at 8, n. 4).

claims against Defendants O'Donnell,[2] Hollis, and Constanza, as Plaintiff avers that these individuals engaged in more than mere threats and took retaliatory action by transferring Plaintiff's housing, issuing him a "misconduct," and placing him in Administrative Custody.  (*Id.* at 10-11).  Further, the Court agrees that while Plaintiff failed to name Defendants Mutz and Weiss in his Second Amended Complaint, the Plaintiff may plead First Amendment Retaliation Claims against these two Defendants in a subsequent Amended Complaint.  (*Id.* at 11-12).

With respect to the Plaintiff's Eighth Amendment claims regarding the conditions of his confinement, the Court agrees that the Department of Correction's Administrative Custody does not violate the Eight Amendment.  (*Id.* at 12).  With respect to the Plaintiff's Fourteenth Amendment Due Process Claims, the Court agrees that 30 days of cell restriction and the loss of his employment do not constitute a liberty interest, nor "shock the conscience," and are therefore insufficient to establish a Fourteenth Amendment Claim.  (*Id.* at 13-16).  Additionally, the Court agrees that Plaintiff's State Law Claim for conversion should be dismissed with prejudice because the claim is barred by Sovereign Immunity.  (*Id.* at 16-17).  Finally, this Court agrees that the PREA Claim raised in the Second Amended Complaint (Docket No. 31), though not addressed in the Motion to Dismiss (Docket No. 33), should be dismissed because the PREA does not create a private right of action.  (Docket No 47 at 18-19).  And, the remaining Eighth Amendment claim against Defendant McGuire should be dismissed because, as Judge Taylor notes, "while inappropriate and unprofessional, allegations of sexual harassment that do not involve any physical or sexual contact between the plaintiff and defendant fail to implicate the Eight Amendment."  *Id.* at 20.

---

[2]    As noted in the R&R, Defendant O'Donnell was incorrectly removed from the Docket despite being included in the Second Amended Complaint at ¶16.  (Docket No. 31).

3

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 31st day of March, 2026,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 47) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that the Partial Motion to Dismiss (Docket No. 33) is GRANTED in part and DENIED in part as follows:

1. The Motion is GRANTED to the extent that the Plaintiff's Eighth Amendment, Fourteenth Amendment, State Law Conversion, First Amendment Retaliation Claims against Defendants Cowen and Kristie, and all claims against Defendant McGuire are dismissed with prejudice;

2. The Motion is DENIED to the extent that Plaintiff's First Amendment Retaliation Claims are not dismissed as to Defendants O'Donnell, Hollis, Costanza, Muntz, and Weiss.

IT IS FURTHER ORDERED that Sergeant O'Donnell shall be reinstated on the Docket.

IT IS FURTHER ORDERED that Plaintiff may file a Third Amended Complaint by **April 30, 2026** as to his First Amendment Claims against Defendants O'Donnell, Hollis, Constanza, Muntz, and Weiss.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:    The Honorable Kezia O. L. Taylor
Spencer Knight (via U.S. Mail)

4